UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Owen Odman, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. **12 0899** |
| | ) | |
| Eric Holder, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of the petition for a writ of mandamus and application for leave to proceed *in forma pauperis*. Upon review of the petition, the Court finds that petitioner has failed to state a claim for such extraordinary relief. It therefore will grant the *in forma pauperis* application and dismiss the petition pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). Mandamus relief is not available when an adequate remedy exists to address the underlying claim.

Petitioner, a prisoner at the Federal Correctional Institution in Jesup, Georgia, seeks an order to compel the United States Attorney General to comply with *Brady v. Maryland*, 373 U.S. 83 (1963), Pet. at 1, by "directing . . . the United Sates Attorney's Office for the Western District

of North Carolina to provide the Petitioner with [certain information]." *Id.* at 3-4. Petitioner is not entitled to mandamus relief for two reasons. First, the Freedom of Information Act, 5 U.S.C. § 552, is the proper vehicle for obtaining records from United States agencies. Second, to the extent that petitioner is claiming that the United States withheld exculpatory evidence in violation of *Brady*, he has an adequate remedy under 28 U.S.C. § 2255 to move the sentencing court to vacate his conviction. A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: May ___, 2012